Dana DiCECCO, a Minor, and Ruth DePhillips, Individually and as Next Friend,

v.

The DILLARD HOUSE, INC.

Civ. No. 2:91–cv–106–WCO.

United States District Court, N.D. Georgia, Gainesville Division.

July 1, 1993.

Sari Bayla Marmur, McPhail & Marmur, Atlanta, GA, for Ruth DePhillips.

Sari Bayla Marmur, McPhail & Marmur, Atlanta, GA, for Dana DiCecco.

William Stroud Sutton, McLain & Merritt, Atlanta, GA, for The Dillard House.

ORDER

O'KELLEY, Chief Judge.

The captioned case is before the court on plaintiffs' objections and motion to review and disallow the taxation of costs. On March 8, 1993, the clerk taxed costs against the plaintiffs in the amount of $4,705.36. On March 5, 1993, the plaintiffs timely filed their motion for a review of the bill of costs. *See* Fed.R.Civ.P. 54(d).

In plaintiffs' motion, they argue that several items in the defendant's bill of costs are not properly taxable: (1) travel expenses; (2) court reporter cost and expense for obtaining video recording of Scott Provance's evidentiary deposition; (3) expenses paid to defense expert; (4) court reporter costs for copies of depositions taken by the defendant; (5) photocopy expenses; and (6) cost of a conference call and a video operator and equipment.

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R.Civ.P. 54(d). Rule 54(d) does not give the district judge "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964). The Supreme Court has held that district courts must limit costs awarded under Rule 54(d) to the list of items set forth in 28 U.S.C. § 1920 and other related statutes. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987). Taxable costs pursuant to 28 U.S.C. § 1920 include:

(1) Fees of the clerk or marshall;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

*1. Travel Expenses*

The defendant seeks reimbursement for $1,218.46 in travel expenses, i.e., airfare and rental car expenses, itemized in categories 2, 3, 9 and 10 of defendant's bill of costs. These travel expenses were incurred in connection with taking the depositions of Ruth DePhillips, Dana DiCecco, Bryan DiCecco and Dr. Gilberto Vega in Tampa, Florida. The plaintiffs reside in the State of Florida, and, through counsel, requested that their discovery depositions be taken in Florida so that they would not have to travel to Georgia. Likewise, the evidentiary deposition of Dr. Gilberto Vega was also taken in Florida.

■ Ordinarily, travel expenses are not taxed as a cost. *George R. Hall, Inc. v. Superior Trucking,* 532 F.Supp. 985, 995 (N.D.Ga.1982); *Neely v. General Electric Co.,* 90 F.R.D. 627, 630 (N.D.Ga.1981). Courts have recognized, however, that the taxation of costs may be appropriate in extraordinary and compelling circumstances. *Id.*

■ Here, the court finds no extraordinary and compelling circumstances to justify the allowance of travel expenses as a cost. Accordingly, the charge of $1,218.46 in travel expenses is disallowed.

*2. Second Deposition of Scott Provance*

Plaintiffs object to the defendant's costs of obtaining a video recording of Scott Provance's evidentiary deposition. On April 30, 1992, the "discovery" deposition of defendant's former employee, Scott Provance, was taken by plaintiffs. On October 30, 1992, a video "evidentiary" deposition of Scott Provance was taken by the defendant. At the time of trial, defendant decided not to use the video taped deposition and presented the live testimony of Mr. Provance.

■ Pursuant to 28 U.S.C. § 1920, deposition expenses may be recovered if the deposi-

tion was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see Helms v. Wal–Mart Stores, Inc.,* 808 F.Supp. 1568, 1571 (N.D.Ga.1992); *Corsair Asset Management, Inc. v. Moskovitz,* 142 F.R.D. 347, 353 (N.D.Ga.1992); *Fressell v. AT & T Technologies, Inc.,* 103 F.R.D. 111, 116 (N.D.Ga.1984). The deposition need not be used at trial but must appear reasonably necessary *at the time the deposition was taken. George R. Hall, Inc. v. Superior Trucking,* 532 F.Supp. 985, 995 (N.D.Ga.1982). However, where the deposition costs were merely incurred for convenience, to aid in a more thorough preparation of the case, or for purpose of investigation only, the costs are not recoverable. *George R. Hall, Inc.,* 532 F.Supp. at 995; *Corsair Asset Management, Inc.,* 142 F.R.D. at 353.

■ Plaintiffs argue that the second deposition of Scott Provance, taken by the defendant on October 30, 1992, was not necessarily obtained for use in this case. Plaintiffs contend that the deposition was not necessary because Mr. Provance had been previously deposed on April 30, 1992.

Defendant, on the other hand, contends that the costs associated with obtaining a video recording of Scott Provance's evidentiary deposition on October 30, 1992, were made necessary because Mr. Provance was scheduled to enter Marine Boot Camp in Parris Island, South Carolina on the Monday following the taking of the deposition. Therefore, at the time Mr. Provance's deposition was taken, it appeared that Mr. Provance would not be able to attend the trial of the captioned case. Thus, the taking of Mr. Provance's deposition appeared to be reasonably necessary to the parties in the light of a particular situation existing at the time the deposition was taken.[1]

Alternatively, plaintiffs maintain that prior to the October 30, 1992 deposition of Scott Provance, it was agreed that the cost of taking the deposition would be shared, by the parties. In defendant's responsive pleading, it does not dispute that the parties agreed to share the costs of taking the video deposition. Rather, defendant seeks to recover all the costs incurred in taking Mr. Provance's video deposition.

The court is of the opinion that fairness dictates that the parties share the cost of taking Scott Provance's video deposition. Accordingly, the court will allow one-half ($218.12) of the total amount ($436.24) requested for obtaining a video recording of Scott Provance's evidentiary deposition.[2]

### 3. Witness Consultation Fees

Plaintiffs further object to defendant's charge of $120.00 for consultation fees paid to defendant's expert, Larry Hudson. (categories 16, 17, and 18 of defendant's bill of costs). Because 28 U.S.C. § 1920 does not provide for the recovery of consultation fees paid to an expert, these costs are disallowed.

### 4. Deposition Copies

■ In its bill of costs, defendant seeks court reporter charges for several depositions taken by the defendant. Plaintiffs object to the taxing the costs of these depositions to the extent that the charges include copies of depositions noticed by the defendant.[3]

Defendant maintains that the original transcript obtained by the defendant could not be used by counsel for trial preparation. Thus, defendant contends that it was necessary for defendant to obtain one copy for each deposition that it took.

Plaintiffs argue that copies of depositions taken by the prevailing party are not taxable as costs. Plaintiffs rely upon *George R. Hall, Inc. v. Superior Trucking Co.,* 532 F.Supp. 985, 995 (N.D.Ga.1982), to support their position. In *George Hall, Inc.,* the

---

1. As a result of an unforeseen accident at boot camp, Mr. Provance was discharged from the Marine Corps. Thus, Mr. Provance was able to attend the trial and testify in person.

2. The total amount requested included charges of $238.74 for court reporter fees and $197.50 for obtaining a video recording.

3. The depositions taken by defendant include plaintiffs Ruth DePhillips and Dana DiCecco, Bryan DiCecco, and plaintiffs' expert, Russell G. Kinney.

court announced the rule that copies of depositions taken by the prevailing party are ordinarily not taxable as costs. The court described the rationale behind the rule as follows:

> The local rules require that if discovery materials are to be used at trial or are necessary to a pre-trial or post-trial motion, the portions used shall be filed with the clerk at the outset of the trial or at the filing of the motion insofar as their use can be reasonably anticipated. Since the party taking the deposition is allowed an opportunity to hold on to that deposition, a copy ordered for the party's reference in the event the original is submitted to the court would ordinarily be only for that party's convenience. Although a copy would probably be an aid, the expenses of obtaining the copy is more analogous to non-taxable deposition costs—for example travel costs, investigation and attorney's fees—than it is to taxable costs.

*George R. Hall, Inc.,* 532 F.Supp. at 995.

The reasoning behind this rule however is erroneous.[4] In *George Hall, Inc.,* the court failed to consider that an original deposition taken by a party must remain sealed in an envelope unless otherwise ordered by the court. Fed.R.Civ.P. 30(f)(1). Therefore, the party taking the deposition cannot effectively utilize the original deposition transcript in planning further discovery, in preparing pre-trial motions, and in preparing for trial, even though that party is permitted to retain the deposition until it is used in the action and filed with the clerk.

Because original depositions are required to remain under seal in an envelope and therefore cannot be used by the party who took the deposition, the rationale set forth in *George Hall, Inc.* is flawed. A better approach would be to extend the rule set forth in *United States v. Kolesar,* 313 F.2d 835 (5th Cir.1963) to copies of depositions taken by the prevailing party. In *Kolesar,* the court held that copies of depositions taken by an opposing party are taxable as costs if the depositions themselves were necessary. *Id.* at 839–40. The court in *Kolesar* explained that common sense justified that the cost of a deposition copy taken by an opponent was taxable because it was unrealistic to "[t]o speak of a busy lawyer having to go to a Clerk's office at such times and places of work as the Clerk's regular office hours and facilities can afford for the purpose of making a close study of pretrial depositions." *Id.* at 839.[5]

The *Kolesar* rationale is actually strengthened by the change in this court's local rules. Since the Federal Rules of Civil Procedure mandate that original depositions be sealed in an envelope and this court's local rules no longer require that original depositions be filed with the clerk, the original depositions are equally inaccessible to the party who took it and to the opposing party. A party's possession of an original deposition transcript is virtually meaningless from a practical standpoint. Thus, it follows that all parties would require one copy of each original deposition regardless of which party took the deposition. Since copies of depositions taken by the opposing party are taxable costs, common sense and logic dictates that the cost of one copy of each deposition taken by the prevailing party is also a taxable cost.

---

**4.** It appears that other judges in this district have also failed to recognize the fallacy of the court's reasoning in *George Hall, Inc., See, Helms v. Wal–Mart Stores, Inc.,* 808 F.Supp. 1568, 1571 n. 4 (N.D.Ga.1992); *Corsair Asset Management, Inc. v. Moskovitz,* 142 F.R.D. 347, 353 (N.D.Ga.1992); *Fulton Federal Sav. & Loan v. American Ins. Co.,* 143 F.R.D. 292, 296–97 (N.D.Ga.1991); *Jamison v. Cooper,* 111 F.R.D. 350, 351 (N.D.Ga.1986).

**5.** At the time *Kolesar* was decided the federal rules required the filing of all depositions with the clerk of the court. In 1980, the rules were amended to dispense with the mandatory filing of every deposition. Fed.R.Civ.P. 5(d). In fact, this court no longer requires the filing of every deposition. L.R. 225–3(a), N.D.Ga. "The original of all depositions upon oral examination shall be retained by the party taking the deposition." *Id.*

The purpose of Local Rule 225–3(a) is to reduce the enormous burden on the clerk's office of receiving for filing and storing every deposition taken by parties involved in litigation pending before this court. The effect of the local rule is to make the party taking the deposition the repository of the deposition. The original deposition must remain sealed in an envelope in order to preserve the integrity of the deposition until such time as it is filed with the clerk for use in the litigation.

Accordingly, the prevailing party is entitled to recover the costs of one copy of all depositions necessarily obtained for use in case regardless of which party took the depositions. The key question therefore is whether the deposition taken by the prevailing party and thus a copy thereof was necessarily obtained for use in the case. *See* 28 U.S.C. § 1920(2). If the court determines that a deposition taken by the prevailing party was necessarily obtained for use in the case, then the prevailing party is entitled to tax the cost of the original transcript and one copy thereof.

Here, defendant concedes that the court reporter costs, itemized in categories 1, 5 and 15 of defendant's bill of costs, were for preparation of an original transcript and one copy. Defendant maintains that the copies were necessary for its preparation of the case. The court finds that the depositions taken by the defendant were necessarily obtained for use in the case. Based on the foregoing analysis, the court concludes that the defendant may tax the cost of one original deposition and one copy for each deposition taken by the defendant.

### 5. Photocopying

■ Plaintiffs object to defendant's photocopying expenses on the ground that these expenses are sought as a general reimbursement of defendant's photocopying expenses. Section 1920(4) provides that "[f]ees for exemplification and copies of papers necessarily obtained for use in the case" may be taxed as costs. The standard for recovery of copying expenses is thus whether these copies were "necessarily obtained for use in the case." *Fressell,* 103 F.R.D. at 115. In reviewing a bill of costs, the court has the discretion to determine whether this standard has been met. *Scroggins v. Air Cargo, Inc.,* 534 F.2d 1124, 1133, *reh'd denied,* 540 F.2d 1085 (5th Cir.1976); *United States v. Ernst & Whinney,* 557 F.Supp. 1152, 1156 (N.D.Ga.1983); *Independence Tube Corp. v. Copperweld Corp.,* 543 F.Supp. 706, 722 (N.D.Ill.1982).

■ In this case, defendant argues that the photocopying expense, itemized in category 24, was incurred by defendant for photocopying discovery and other pleadings filed with the court and provided to plaintiffs as service copies. Defendant has not offered any supporting documentation regarding photocopying expenses. "When a party fails to respond to the objections to a bill of costs by coming forward with evidence showing the nature of the documents copied and how they were used or intended for use in the case, the court may disallow costs." *Fulton Federal Sav. & Loan v. American Ins. Co.,* 143 F.R.D. 292, 300 (N.D.Ga.1991). Without any substantiation of $186.00 in photocopying expenses, the costs for photocopying is disallowed.

### 6. Conference Call and Video Operator

■ In category 4, defendant seeks to obtain $75.60, the cost of a conference call placed to complete the deposition of plaintiff Ruth DePhillips. Plaintiffs argue that charges for telephone calls are not recoverable as costs under 28 U.S.C. § 1920 and therefore should be disallowed.

Defendant contends that the cost of the conference call was incurred by defendant in order to avoid the necessity of a second trip to Florida to complete the deposition of plaintiff Ruth DePhillips. The deposition of Ms. DePhillips could not be completed on January 30, 1992, as a result of plaintiffs' counsel's failure to arrive in a timely fashion at the location selected for the taking of the plaintiffs' depositions. Apparently, plaintiffs' counsel, through no fault of her own, experienced a travel delay and arrived at the scheduled deposition approximately one and one-half hours after Ms. DePhillips' deposition was scheduled to have begun.

As a result of this delay and the fact that defendant's counsel had confirmed flight reservations, Ms. DePhillips' deposition was adjourned to be completed at a later date. Counsel for the parties agreed to the adjournment and stipulated that Ms. DePhillips' deposition would be completed by telephone in a timely fashion.

Based on the foregoing, the court finds that the defendant is entitled to recover the cost of the conference call.

Defendant's bill of costs seeks $407.01 for the cost of a video operator and equipment.

The video operator and equipment was used to show an evidentiary video prepared by defendant so that the jury could have a picture of the trail ride on which plaintiff was injured. The costs of a video operator and equipment are not are not taxable pursuant to 28 U.S.C. § 1920 and thus should be stricken from the defendant's bill of costs.

*Conclusion*

In conclusion, the following expenses itemized in defendant's bill of costs are disallowed: (1) travel expenses in the amount of $1,218.46 (categories 2, 3, 9 and 10); (2) one-half of the court reporter cost and expense for obtaining a video recording of Scott Provance's evidentiary deposition in the amount of $218.12 (category 8); (3) expenses paid to defense expert for consultation in the amount of $120.00 (categories 16, 17 and 18); (4) photocopy expenses in the amount of $186.00 (category 24); and (5) cost of video operator and equipment in the amount of $407.01 (category 23).

After adjustment of the above cost figures, the total costs to be taxed against the plaintiffs is $2,555.77. Accordingly, plaintiffs' motion to review and disallow the taxation of costs is GRANTED in part and DENIED in part.

IT IS SO ORDERED.