**Martha Harriet DAUGHERTY, Plaintiff,**

v.

**THE WESTMINSTER SCHOOLS, INC., and John Ferguson, Individually, Defendants.**

**No. 1:95–CV–2376–JEC.**

United States District Court, N.D. Georgia, Atlanta Division.

July 17, 1997.

Michael Weinstock, Mark I. Sanders, Weinstock & Scavo, Atlanta, GA, for Plaintiff.

Edward H. Lindsey, Jr., Leslie S. Sullivan, Good, McGuffey, Aust & Linsey, Atlanta, GA, Robert T. Thompson, Jr., Thompson & Associates, Atlanta, GA, for Defendants.

*ORDER*

CARNES, District Judge.

This case is presently before the Court on defendant Westminster Schools' Motion for Attorneys' Fees and Costs [45] and plaintiff's Motion to Review Bill of Costs [50]. The Court has reviewed the record and the arguments of the parties and, for reasons set out below, concludes that defendant's Motion for Attorneys' Fees and Costs should be **GRANTED IN PART** and **DENIED IN PART** and plaintiff's Motion to Review Bill of Costs should be **DENIED.**[1]

*BACKGROUND*

On September 21, 1995, plaintiff filed suit against defendant. Westminster Schools (hereinafter, "Westminster") and defendant John Ferguson. Plaintiff alleged that defendants violated Title IX of the Education Amendments of 1972, codified at 20 U.S.C. § 1681 (hereinafter "Title IX") by discriminating against the plaintiff on the basis of sex. The claim arose out of her alleged sexual abuse by a Westminster teacher, John Ferguson, which she claims occurred during the 1983–84 school year. Plaintiff also asserted state tort claims against defendants in the same action which were alleged to arise out of her relationship with Ferguson.

On July 5, 1996, defendant Westminster and defendant John Ferguson filed motions for summary judgment. The Court dismissed the case for lack of subject matter jurisdiction on December 18, 1996, denying as moot the motions for summary judgment. On January 2, 1997, defendant Westminster filed the present motion, requesting an award for attorney's fees and costs. Plaintiff not only filed objections, but also filed a separate motion asking the Court to review Westminster's bill of costs.

*DISCUSSION*

**I.   Liability for Attorney Fees**

  **A.   Definition of Prevailing Party According to 42 U.S.C. § 1988**

  ■ The Court may, in its discretion, permit the prevailing party in a Title IX action

---

1. This motion appears to be nearly identical to Plaintiff's Response to Defendant's Motion for Attorney's Fees and Costs and it is, therefore, superfluous. In fact, it appears to the Court that plaintiff has simply filed a second response labeled as a separate motion.

to recover attorney's fees.[2] In this case, the parties dispute whether defendant can be considered a prevailing party for purposes of § 1988. Defendant argues that because it won, it is the prevailing party. Plaintiff argues that § 1988 does not authorize an award of attorney's fees to defendants who gain dismissal because the Court lacked subject matter jurisdiction.

Were the Court able to consider this case on a clean slate, it would agree with defendant. It seems peculiar that a defendant can defeat a plaintiff in hotly contested litigation, on the merits of which reasonable minds can differ, and recover attorney's fees as a prevailing party, yet when a plaintiff files an action so unmeritorious that she does not even have subject matter jurisdiction, the defendant cannot recover the unnecessary expenses that were incurred as a result of its having to defend an action that never had a chance of succeeding. Notwithstanding what seems to this Court to be the lack of logic in such a result, the case law indicates that a defendant cannot recover its attorney's fees pursuant to § 1988 when its victory was gained through a dismissal based on a lack of subject matter jurisdiction. In particular, the Supreme Court has held that qualification as a prevailing party under 42 U.S.C. § 1988 requires that "[o]ne must have prevailed on the merits of at least some of his claims, for only in the event that there has been a determination of the 'substantial rights of the parties' will there be a deviation from the general rule in this country that each party is to bear his own attorney's fees." *Hanrahan v. Hampton,* 446 U.S. 754, 756–57, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980). Other courts have, likewise, disallowed the recovery of attorney's fees where the case was dismissed for lack of subject matter jurisdiction. *See, e.g., Sellers v. Local 1598,* 614 F.Supp. 141, 144 (E.D.Pa.1985) ("[W]hen a complaint is dismissed for lack of jurisdiction, the defendant cannot be the 'prevailing party.' Defendant has not 'prevailed' over the plaintiff on any issue central to the litigation."); *Hidahl v. Gilpin County Dept. of Social Services,* 699 F.Supp. 846, 849 (D.Colo.1988) (holding that Colorado State Department of Social Services was not "prevailing party" for purposes of the civil rights attorney fees statute when action was dismissed for lack of subject matter jurisdiction.); *Keene Corp. v. Cass,* 908 F.2d 293, 298 (8th Cir.1990) (finding that attorney's fees could not be awarded when district court lacked subject matter jurisdiction under substantive civil rights statute).

In arguing that it is a prevailing party, defendant relies on *Head v. Medford,* 62 F.3d 351 (11th Cir.1995), in which the Eleventh Circuit affirmed an award of attorney's fees to defendants who had successfully defended against charges that they had violated the plaintiff's state and federal due process rights. *Id.* at 353. In contrast, this Court could not reach the merits of plaintiff's claims, except in *dicta,* because it lacked jurisdiction to consider the action. Defendant argues that because this Court concluded that it would have granted summary judgment had the Court only had jurisdiction, defendant should have been considered the "prevailing party." Again, there is a great deal of logic to defendant's argument. Had plaintiff's case been more meritorious—by being filed in a court which had jurisdiction over the claim—defendant would clearly be the prevailing party because it would have succeeded on its summary judgment motion on the statute of limitations ground. Instead, however, because plaintiff's case so missed the mark that it was not even filed in a court for which there was jurisdiction, plaintiff, in effect, is rewarded by having filed an action totally lacking in merit. The Court, however, has not been made aware of any authority that would provide an exception to the general rule that a defendant cannot receive attorney's fees under § 1988 on a case dismissed for lack of subject matter jurisdiction, even when one could conclude that summary judgment would have been

---

2. 42 U.S.C. § 1988 provides:

   In any action or proceeding to enforce Sections 1981, 1981(a), 1982, 1983, 1985, 1986 of this Title, Title IX of Public Law 92–318, the Religious Freedom Restoration Act Of 1993, or Title VI of the Civil Rights Act Of 1964, the Court, in its discretion, may allow the *prevailing party,* other than the United States, a reasonable attorney's fee as part of the costs.

   42 U.S.C. § 1988 (emphasis added).

granted had jurisdiction been present. Thus, defendant Westminster cannot be deemed a prevailing party for purposes of awarding attorney's fees under 42 U.S.C. § 1988.

### B. Definition of Prevailing Party According to Fed.R.Civ.P. 54(d)

■ Although recognizing that Fed. R.Civ.P. 54(d) states that attorney's fees may be awarded to the prevailing party following final judgment *where such fees are recoverable pursuant to statute or contract,* defendant argues that a district court can use its inherent power to order payment of attorney's fees in the absence of a statute or contract authorizing the court to do so. (*See* Def. Mot. for Attorney's Fees and Costs [45] at 8.) The Supreme Court has limited a Court's power to award fees absent a statute or contract, however, to cases in which there has been bad faith conduct during the course of the litigation. *See Chambers v. NASCO, Inc.* 501 U.S. 32, 50, 111 S.Ct. 2123, 2136, 115 L.Ed.2d 27 (1991) ("[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the rules are up to the task, the court may safely rely upon its inherent power.") However, the bad faith of the plaintiff is not an issue here. Defendant has never asserted that the plaintiff's claims were set forth in bad faith. Thus, the Court finds that neither Fed.R.Civ.P. 54(d) nor the Court's inherent powers permit an award of attorney's fees.

### C. "Overriding Considerations of Justice" do not Permit Award of Attorney's Fees in this Case

■ Defendant alternatively contends that awards of attorney's fees have been allowed when overriding considerations of justice seem to compel such a result. (*See* Def. Mot. for Attorney's Fees and Costs [45] at 8) (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1967)). No such considerations are present in this case, however. Indeed, attorney's fees have only been awarded under this principle to a party who willfully disobeys a court order in a civil contempt action or to an admiralty plaintiff as an item of compensatory damages. *See Fleischmann Distilling Corp.,* 386 U.S. at 718, 87 S.Ct. at 1407. Neither situation characterizes the present case. Thus, there are no overriding considerations of justice that would allow the award of attorney's fees to defendant.

## II. COSTS

Defendant asserts that it should be reimbursed for: (1) travel expenses incurred as a result of defendant's attorney conducting depositions of plaintiff's expert witness in Vermont; (2) photocopying charges attributable to discovery and associated with providing the court with copies of pleadings, motions, and memoranda; (3) court reporter fees for stenographic transcripts; (4) fees and disbursements for witnesses. Plaintiff argues that defendant is not entitled to any costs because defendant is not a "prevailing party" or alternatively, that if defendant can recover costs, such costs should at least be reduced.

■ Title 28 U.S.C. § 1919 states: "Whenever any action is dismissed in district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs." This section does not require that a party be considered a "prevailing party" as defined under 42 U.S.C. § 1988 in order to recover costs. To the contrary, the plain language of the statute demonstrates that Congress did not intend to make it mandatory that a party be considered a "prevailing party" before it can recover costs under Rule 54. *See* 28 U.S.C. § 1919.

Given the hypertechnical ground of those § 1988 decisions that do not allow a party to be given "prevailing party" status if the party prevailed by having the case dismissed on the ground of a lack of subject matter jurisdiction, the Court would be disinclined to extend their holding any further than required. The Court does not have to concern itself with the extension of the holding in those § 1988 cases, however, as federal courts have consistently held that a district court has the power to award costs to a

defendant who has benefited from the court's dismissal of a plaintiff's action for want of subject matter jurisdiction. *See, e.g., Burda v. M. Ecker Co.*, 954 F.2d 434 (7th Cir.1992); *Mashak v. Hacker*, 303 F.2d 526 (7th Cir. 1962); *In re Northern Ind. Oil Co.*, 192 F.2d 139 (7th Cir.1951); and *American Hawaiian Ventures, Inc. v. M.V.J. Latuharhary*, 257 F.Supp. 622 (D.C.N.J.1966). Thus, plaintiff's argument that Westminster is not entitled to costs because it is not a prevailing party is not valid.

■ There are limits to this cost recovery, however.[3] As plaintiff argues, Rule 54(d) does not give "[d]istrict judges *unrestrained discretion* to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case ... Discretion given district court judges should be sparingly exercised with reference to expenses not specifically allowed by statute." *Farmer v. Arabian Am. Oil Company*, 379 U.S. 227, 235, 85 S.Ct. 411, 417, 13 L.Ed.2d 248 (1964) (emphasis added). Title 28 U.S.C. § 1920 enumerates expenses that a "[f]ederal court has discretionary authority to tax as costs against a losing party and does not allow taxation of costs above and beyond items listed in amount in excess of statutory limits." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987). The primary inquiry must be whether a claimed expense is covered by § 1920 or some other specific statute. If a requested expense is not covered, the court need not determine whether items were necessarily obtained. *Fulton Federal Sav. & Loan v. American Ins. Co.*, 143 F.R.D. 292 (N.D.Ga.1991) (Forrester, J.).

Specifically, 28 U.S.C. § 1920 authorizes the district court to assess the following costs:

1) Fees of the clerk and marshal;

2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3) Fees and disbursements for printing and witnesses;

4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

5) Docket fees under section 1923 of this title;

6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

Title 28 U.S.C. § 1920 (Supp.1992). The language of Rule 54(d) implies that courts should routinely award costs to the prevailing party in a lawsuit unless the other party can assert grounds upon which such costs should be disallowed. The Eleventh Circuit has not determined whether the prevailing party must prove that it is entitled to each cost or whether instead the non-prevailing party must show reasons why the prevailing party should not receive the cost. The Eleventh Circuit, however, did affirm a district court decision by Judge Black from the Middle District of Florida which addressed the burden of proof under Rule 54(d) and 28 U.S.C. § 1920. *Desisto College v. Town of Howey-in-the-Hills*, 718 F.Supp. 906, 910 n. 1 (M.D.Fla.1989), *aff'd*, 914 F.2d 267 (11th Cir.1990) (without opinion).

In *Desisto*, Judge Black held that the burden shifts to the prevailing party to demonstrate the necessity of costs which are exclusively within the knowledge of that party. *Id.* As to all other costs, the court determined that the burden of proof was to remain with the non-prevailing party. *Id.* Judge Black noted that district courts in this circuit have applied different presumptions when adjudicating the issue of costs and articulated the above allocation in order to reconcile the apparent disparity. *Id.* The

**3.** Lest there be any further argument from defendant, attorney's fees are not considered an item of cost for the purposes of this section. *Wilkinson v. D.M. Weatherly Co.*, 655 F.2d 47, 48–49 (5th Cir.1981). In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) *(en banc)*, the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

judge illustrated her decision by comparing a prevailing party's motion to recover photocopying costs with his motion to recover deposition costs. She concluded that the reasons for taking the deposition were not exclusively within the knowledge of the prevailing party, and therefore, the burden to demonstrate why such costs should not be taxed rested with the non-prevailing party. The judge noted, however, that only the prevailing party would know the bases for the photocopying costs, and as such, should shoulder the burden of proving its entitlement to reimbursement for such expenses. *Id.; Contra Neely v. General Electric Co.,* 90 F.R.D. 627, 630 (N.D.Ga.1981) (Tidwell, J.) (holding that party who took deposition had exclusive knowledge of reasons for taking it and must, therefore, justify the award of costs).

### B. Travel Expenses

■ Defendant seeks reimbursement for the travel expenses of its attorneys. Specifically, defense counsel traveled to Vermont to depose plaintiff's expert, Dr. Susan Parker. Defendant argues that travel expenses were properly taxed against the plaintiff because Dr. Parker was outside the subpoena power of the Court. As plaintiff correctly notes, "[a]bsent extraordinary or compelling circumstances, travel of attorneys is not a taxable cost of taking depositions." *See George R. Hall, Inc. v. Superior Trucking Company, Inc.,* 532 F.Supp. 985, 995 (N.D.Ga.1982) (Hall, J.). The Court does not consider the fact that Dr. Parker resided outside the state of Georgia to be an "extraordinary or compelling circumstance." Accordingly, the Court **denies** defendant's request for reimbursement for its attorneys' travel expenses.

### C. Photocopying Expenses

■ Defendant seeks reimbursement of $248.16 for its photocopying charges. Costs of photocopies necessarily obtained for use in the case are generally taxable. *Corsair Asset Management, Inc. v. Moskovitz,* 142 F.R.D. 347, 353 (N.D.Ga.1992) (Forrester, J.). Defendant bears the burden of demonstrating that the copies were reasonably necessary. *Desisto College,* 718 F.Supp. at 910

n. 1. In this case, defendant simply argues that certain photocopying charges are attributable to discovery and that the court's copies of pleadings, motions and memoranda are "reasonably necessary" for use in the case. Absent a specific showing of the nature of the documents copied and the purpose or use of the photocopies obtained, defendant cannot recover the costs for the photocopies set forth in Exhibit B. *See Corsair Asset Management, Inc.,* 142 F.R.D. at 353 (noting that where party has not sufficiently explained nature and use of copies made, costs are not recoverable).

■ Defendant has neither stated the per page rate it used in calculating its costs nor the number of pages copied. At this time, therefore, the Court **denies** defendant's request for reimbursement of this item. Westminster may renew its request to recover photocopying costs by filing a supplemental bill of costs which provides information as to "[w]hat types of documents were copied, who was in possession of the originals of these documents, what the purpose of copying these documents was, and why these copies were necessary for use in the case." *Id.* at 352. Moreover, defendant must show that the photocopies were not made merely for the convenience of its attorneys. *American Key Corp. v. Cumberland Associates,* 102 F.R.D. 496 (N.D.Ga.1984) (Forrester, J.).

### D. Court Reporter Fees

■ Plaintiff argues that defendant is not entitled to reimbursement for certain court reporter fees because expenses for copies of depositions taken by the prevailing party are not normally recoverable. (*See* Pl. Mot. to Review Bill of Costs [47] at 6) (citing *George R. Hall, Inc. v. Superior Trucking Company, Inc.,* 532 F.Supp. 985, 995 (N.D.Ga.1982).) In *George R. Hall,* the district court concluded that the second copy of other supporting material is not ordinarily considered "necessarily obtained for use in the case," but solely for the convenience of the attorney and therefore, not a recoverable cost. *Id.*

More recently, however, a court in the Northern District of Georgia has held that:

> The reasoning behind the rule [in *George R. Hall* ] is erroneous. In *George R. Hall,*

*Inc.*, the court failed to consider that an original deposition taken by a party must remain sealed in an envelope unless otherwise ordered by the court. Fed.R.Civ.P. 30(f)(1). Therefore, the party taking the deposition cannot effectively utilize the original deposition transcript in planning further discovery, in preparing pre-trial motions, and in preparing for trial, even though that party is permitted to retain the deposition until it is used in the action and filed with the clerk.

*DiCecco v. Dillard House, Inc.*, 149 F.R.D. 239, 242 (N.D.Ga.1993) (O'Kelley, C.J.). Judge O'Kelley accordingly concluded that the prevailing party is entitled to recover costs of one copy of depositions "necessarily obtained for use in the case" regardless of which party took the deposition. *Id.* at 243. The Court finds the reasoning in *DiCecco* logical and accordingly finds that defendant is entitled to recover the court reporter fees for Donn Gaebelein in the amount of $100.75, Eric Brannen and Kenneth White in the amount of $319.00, Suzanne Parker in the amount of $307.50, Nancy A. McGarrah in the amount of $323.90, and Martha Daugherty in the amount of $608.70. The total amount that defendant can recover in court reporter fees is $1,659.85.

### E. Fees for Witnesses

■ Defendant argues that it should recover $1,393.25 in witness fees from plaintiff. Specifically, Westminster paid plaintiff's witnesses, Suzanne Parker, Donn Gaebelein, and Nancy A. McGarrah, for their time spent being deposed. Defendant argues that because these depositions were necessarily obtained for use in this case, it should be able to recover fees paid to these witnesses.

Title 28 U.S.C. § 1821(b) limits the witness fees authorized by § 1920(3) as follows: "A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid an attendance fee for the time necessarily occupied in going to and returning from the place of attendance." In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*,

482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), the defendant requested reimbursement for expert witness fees above the statutory limit which, at that time was $30.00 per day. *Crawford Fitting Co.*, 482 U.S. at 445, 107 S.Ct. at 2499.[4] Rejecting defendant's request, the Supreme Court held that "[w]hen a prevailing party seeks reimbursement for fees paid to ... witnesses, a federal court is bound by the limits of § 1821(b), absent contract or explicit statutory authority to the contrary." *Crawford Fitting Co.*, 482 U.S. at 439, 107 S.Ct. at 2496. Accordingly, defendant in this case can only recover fees specifically authorized by § 1821(b).

Dr. Parker's billing statement shows she was paid a total of $500.00, but it does not specify the total hours or total number of days she worked. Because it appears that her deposition was completed in one day and defendant is only entitled to reimbursement for an attendance fee of $40.00 per day, defendant is entitled to reimbursement in the amount of only $40.00 for Dr. Parker's deposition. Additionally, defendant seeks reimbursement for Dr. Gaebelein's travel expenses, as outlined in Exhibit C, totaling $352.00. In addition to the $40.00 per day witness fee, defendant is only entitled to reimbursement for the time that Dr. Gaebelein spent traveling to and from Atlanta, Georgia, however, not his actual traveling expenses. It appears that Mr. Gaebelein traveled from Elmira, Pennsylvania to Atlanta on Friday, May 24, 1996 and returned to Elmira on Sunday, May 26, 1996, for a total of two travel days. Accordingly, defendant is entitled to $120.00. Finally, with regard to Dr. McGarrah, the Court finds that defendant is only entitled to reimbursement in the amount of $40.00, as she resides in Atlanta and was deposed in one day. Thus, this Court has determined that defendant shall receive reimbursement in the total amount of $200.00 for witness services.

### *CONCLUSION*

For the foregoing reasons, defendant's Motion for Attorney's Fees and Costs [45] is

---

**4.** Although the Supreme Court in *Crawford Fitting Co.* only discussed expert witnesses, § 1821(b) applies to all types of witnesses.

**GRANTED IN PART** and **DENIED IN PART.** Plaintiff's Motion to Review Bill of Costs is **DENIED.** Defendant is entitled to a total of $1,859.85 in deposition costs and witness fees.