Atif Abio ALI, on his own behalf and others similarly situated,
Plaintiff,

v.

PRESTIGE WINDOW & DOOR INSTALLATION, LLC., a Florida limited liability company, Christina Scavuzzo, individually, and Christina Palacio, individually, Defendants.

Case No.: 08–80863–CIV.

United States District Court,
S.D. Florida.

June 15, 2009.

Maguene Dieudonne, Esq., Dieudonne & Associates, Boynton Beach, FL, for plaintiff.

Chris Kleppin, Glasser Boreth Ceasar & Kleppin, Plantation, FL, for defendants.

### *ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR COSTS [DE 45]*

DONALD M. MIDDLEBROOKS, District Judge.

THIS CAUSE comes before the Court on Defendants' motion for taxation of costs as the prevailing party [DE 45]. I have reviewed the record and am advised in the premises.

On April 3, 2009, this Court issued an Order [DE 42] granting Defendant's motion to dismiss for lack of jurisdiction, dismissing both federal claims with prejudice, and dismissing the state law claims without prejudice. At that time, Defendant's motion for summary judgment in the alternative was terminated, as the cause was dismissed before reaching the summary judgement stage, as explained in detail in this Court's May 4, 2009 Order [DE 47] denying Defendant's entry of final judgment.

Now, Defendants seek costs from plaintiffs in this case pursuant to 28 U.S.C. § 1920, 28 U.S.C. § 1921, and Rule 54(d). This case is not controlled by Federal Rule Civil Procedure 54, but rather by 28 U.S.C. § 1919, as it was dismissed for lack of jurisdiction, and no judgment was awarded to either party. Without requiring Defendants to re-file their motion, I will interpret Defendant's motion for taxation of costs as one filed under § 1919.

Pursuant to 28 U.S.C. § 1919, "[w]hen an action or suit is dismissed in any district court ... such court *may* order the payment of *just costs*." 28 U.S.C. § 1919 (emphasis added). "It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction." *Montgomery & Larmoyeux by Montgomery v. Philip Morris, Inc.*, 19 F.Supp.2d 1334, 1335 (S.D.Fla.1998)(holding that after a district court remands a cause to state court for lack of jurisdiction, it may award costs).

In opposition, Plaintiffs argue the following. First, Defendants never received a final judgment, therefore, they are not the prevailing party. Second, Defendants are not entitled to interest flowing from the date of the Court's Order granting the motion to dismiss. Third, Defendants are not entitled to their requested amount for copy costs because Defendants failed to delineate which costs billed are allowed by law to be taxed, and the price per page is excessive. Fourth, Defendants should not receive the full costs for copies of one deposition transcript because (1) Defendants have not paid for it yet; (2) Defendants incurred a late fee; and (3) Defendants took the depositions after filing the

first motion to dismiss and before the second motion, but the second motion did not contain any new information from the depositions, therefore making the depositions unnecessary. Finally, Defendants failed to confer over the instant motion pursuant to S.D. Fla. L.R. 7.1(A)(3). Defendants later filed a facsimile receipt for a communication of conferral [DE 52].

There are few published instances of costs being awarded within the Eleventh Circuit under 28 U.S.C. § 1919, however; some of those instances are instructive to the instant case. In *Ericsson GE Mobile Communications, Inc. v. Motorola*, 179 F.R.D. 328 (N.D.Ala.1998), the Eleventh Circuit vacated a judgment entered in favor of plaintiff, and remanded the case to the district court for dismissal for lack of jurisdiction. The defendants then argued that all litigation costs incurred by defendants were "just costs" under § 1919 to be taxed against the plaintiff. *Id.* at 330. In *Motorola*, as with the instant case, there was a tension between § 1919 and Rule 54(d). Rule 54(d)(1) provides in relevant part:

> Costs Other than Attorneys' Fees. Except when *express provision therefor is made* either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

■ Fed. R. Civ. P. 54(d)(1)(emphasis added) " 'Express provision' by statute for taxation of costs upon a dismissal for lack of jurisdiction is made in § 1919." *Motorola*, 179 F.R.D. at 330. The *Motorola* Court discusses with great detail what con-

stitutes "just costs," finally articulating the issue as: "Would justice be served by taxing ... defendants' very sizeable litigation costs against a plaintiff simply because the trial court was found never to have had jurisdiction in the first place ... even though ... plaintiff can still file suit in a court of competent jurisdiction, where all parties would be able to use all of the discovery materials obtained during [their time in federal court]?" *Id.* at 331 (internal quotation marks omitted).

Thereafter, the *Motorola* Court relied upon an Eastern District of Wisconsin court's analysis of the more flexible nature of costs § 1919 compared to those awarded under Rule 54(d). Quoting *Edward W. Gillen Company v. Hartford Underwriters Insurance Company*, 166 F.R.D. 25 (E.D.Wis.1996), the *Motorola* Court set forth the following:

> [U]nlike costs awarded under Rule 54, costs awarded under 28 U.S.C. § 1919 are not subject to a presumption that they shall be awarded to a prevailing party. Rather, this Courts authority to even consider the awarding of costs in cases dismissed for want of jurisdiction is rooted in Section 1919 for the common law forbade any such award by courts. *Signorile v. Quaker Oats Company*, 499 F.2d 142 (7th Cir.1974) (citing *McIver v. Wattles*, 22 U.S. (9 Wheat.) 650, 6 L.Ed. 182 (1824)). Under the common law, "where the court has no jurisdiction, it has no power to do anything but strike the case from its docket, the matter being coram non judice." *Johns–Manville Corp. v. United States*, 893 F.2d 324, 327 (Fed.Cir.1989) (citing *The Mayor v. Cooper*, 73 U.S. (6 Wall) 247, 250–51, 18 L.Ed. 851 (1867)).

The parties erroneously assert this case is controlled by Rule 54. Rather, it is governed by 28 U.S.C. § 1919. As Section 1919 governs this Court's analysis,

the issue before this Court is whether the awarding of costs as required by the defendants is just.

*Edward W. Gillen Company,* 166 F.R.D. at 27–28.

The *Motorola* Court further stated: "Although in *Manor Healthcare Corp. v. Lomelo,* 929 F.2d 633 (11th Cir.1991), the Eleventh Circuit was dealing with the taxation of costs under Rule 54 and not under § 1919, its recognition of broad discretion in the trial court encourages this court to exercise its discretion as to what are "just costs" under the totality of circumstances...." [1]

I agree that there is also broad discretion under § 1919, particularly as the statute is permissive in that the Court "may" grant costs, and the costs themselves are qualified by the word "just." The statutory language alone, then, gives the Court leeway to award costs or not award costs as it sees fit.

I also believe that the parties discussion of who is considered the prevailing party is somewhat irrelevant. In support of this analysis I turn to another District Court within the Eleventh Circuit. In *Daugherty v. Westminster Schools, Inc.,* 174 F.R.D. 118 (N.D.Ga.1997), the Court took up the argument of a plaintiff who asserted that the defendant is not entitled to costs because it was not a "prevailing party," because the suit was dismissed for lack of subject matter jurisdiction. The *Daugherty* court stated:

This section does not require that a party be considered a "prevailing party" as defined under 42 U.S.C. § 1988 in order to recover costs. To the contrary, the plain language of the statute demonstrates that Congress did not intend to

make it mandatory that a party be considered a "prevailing party" before it can recover costs under Rule 54. *See* 28 U.S.C. § 1919 ...

... however, as federal courts have consistently held that a district court has the power to award costs to a defendant who has benefitted from the court's dismissal of a plaintiff's action for want to subject matter jurisdiction. *See, e.g., Burda v. M. Ecker Co.,* 954 F.2d 434 (7th Cir.1992); *Mashak v. Hacker,* 303 F.2d 526 (7th Cir.1962); *In re Northern Ind. Oil Co.,* 192 F.2d 139 (7th Cir.1951); and *American Hawaiian Ventures, Inc. v. M.V.J. Latuharhary,* 257 F.Supp. 622 (D.C.N.J.1966).

*Daugherty,* 174 F.R.D. at 122–23.

Turning back to the case at hand, and based on the foregoing, I will award some of defendants' costs. As in *Motorola,* Plaintiff's claims were not completely terminated. While Plaintiff will never be able to recover on the two FLSA counts for lack of subject matter jurisdiction, the two related state law claims were dismissed without prejudice. At Plaintiff's election, he can file these claims in state court, and possibly recover depending on the merits of the case, which were not reached by this Court. Therefore, as in *Motorola* where the case was remanded, if the two state law causes of action are re-filed in state court, the depositions taken would most likely be relevant, at least in part, to the state law claims. In addition, this case was brought as an FLSA case to recover overtime compensation. It is customary to bring actions for recovery of overtime compensation under the FLSA, and therefore, in federal court, and there is no rea-

---

1. "[Eleventh Circuit] precedent allows the district court discretion to deny a prevailing party costs, *see Head v. Medford,* 62 F.3d 351, 354 (11th Cir.1995); but a denial of costs to a prevailing party must be accompanied by a reason for the denial sufficient to allow appellate review of the discretion exercised. *Id."* *Camacho v. Vertical Reality Inc.,* 210 Fed. Appx. 985, 986 (11th Cir.2006).

son not to believe that Plaintiff brought this action, unknowing at the time of filing that the defendant corporation would not meet the FLSA jurisdictional thresholds under 29 U.S.C. § 203(r)(1) and § 203(s)(1).

Therefore, having fully reviewed the parties' briefs on the issues, the material supporting the Bill of Costs, and the parties' various arguments, I find that, with some exceptions, the costs taxed were necessarily incurred in defending this litigation, and that it is just to award Defendants most of their costs as follows.

### Interest

█ In defendants' reply [DE 51], they allege that plaintiff has cited cases in his argument against interest on the costs that are inapposite to the issue. As an alternative, Defendants offer *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir.1994), asserting that the case constitutes "binding precedent ... that interest on the costs begins to run on the day that the Court grants a dispositive motion." [DE 51, p. 2]. However, in *BankAtlantic*, the Eleventh Circuit took up the issue of post-judgment interest on costs, holding that interest shall accrue from the date the court entered final judgment. *Id.* at 1052. And, in *BankAtlantic*, there actually was a final judgment entered in favor of the defendant. The *BankAtlantic* Court stated, "[w]e hold that interest shall accrue on [defendant's] taxable costs from the date the court entered final judgment in favor of [defendant] on the merits of [Plaintiff's] action...." *Id.* at 1052.

I will not presume upon the Eleventh Circuit to stretch its holding to cover more circumstances than what its plain language calls requires. Therefore, I do not view this case as ruling that interest on taxable costs under § 1919 accrues from the entry of any "dispositive motion" as Defendants suggest, but from the "final judgment," as

the Eleventh Circuit articulated. Therefore, I decline to award Defendants on any interest flowing from the date of the April 6, 2009 Order, 2009 WL 927947, dismissing Plaintiff's claims, as it was not a "final judgment ... on the merits."

### Copy Costs

After a review of the receipts for the copies made, in conjunction with Defendants' representation that it did not tax costs for copies that are not recoverable under 28 U.S.C. § 1920(4), and Plaintiff's failure to demonstrate that any costs for copies were requested that were not available under § 1920(4), I will award Defendants the costs for copies at $.19/page, a price I find reasonable under the circumstances, for a total of $233.89.

### Deposition Costs

█ The depositions (which constituted depositions of the Plaintiff and an individual from the Plaintiff's witness list) were taken in good faith in order to defend in this action. The fact that one deposition has not yet been paid for does not mean, as Plaintiff argues, that it is not an actual cost. Defendants have shown that they are obligated to pay the bill, for which a finance charge of $15.11 has accumulated. After review of the parties' arguments, I have decided that it is not "just" under § 1919 for Plaintiff to pay a finance charge. This charge was incurred through Defendants' inaction, independent of Plaintiff's actions or knowledge. In addition, from Plaintiff's point of view, it was unforeseeable. Finally, allowing taxation of late fees on unpaid bill frustrates the purpose of the manifold Federal Rules of Civil Procedure, federal statutes, and case law that are aimed, at least in part, at keeping costs of litigation as low as possible for all parties. If late penalties on bills accrued during the course of litigation were generally recoverable under § 1919, it would give defendants incentive to unjustly

transfer a greater-than-necessary cost to the other party. Instead, requiring defendants to pay their costs out-of-pocket first will give them an incentive to keep costs at a reasonable level. This is particularly important when, as in the instant case, costs are not awarded as a result of adjudication on the merits.

Therefore, Plaintiff will pay $525.50 for the deposition of "Defendants Christian Palacio & corporate rep," for which the bill is attached to the instant motion [DE 45–2, p. 2]. Plaintiff will also pay for his own deposition, the deposition of Atif Abio Ali, for $922.90. The total costs to be paid by Plaintiff for the depositions, then, will be $1448.40, without any interest or late fees.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that this Court **AWARDS** Defendants $1448.40 for deposition costs, and $233.89 in copying costs, for a total of **$1,682.29.**