**Linda J. SELLERS**

v.

**LOCAL 1598, DISTRICT COUNCIL 88, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO, et al.**

**Civ. A. No. 84–2373.**

United States District Court,
E.D. Pennsylvania.

June 10, 1985.

Doris Applebaum, Bensalem, Pa., for plaintiff.

Alaine S. Williams, Philadelphia, Pa., for defendants, Local 1598, Dist. Council 88, AFSCME and Frank Flatch, President.

Clayton H. Thomas, Philadelphia, Pa., for defendant, Bensalem Tp.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before this court is defendant Local 1598, District Council 88, American Federation of State, County and Municipal Employees, AFL–CIO's (AFSCME) motion for attorney's fees pursuant to 42 U.S.C. § 1988.

Before addressing the fee award issue a review of the procedural and factual history of this case is necessary. Ms. Sellers is a township employee and a member of the local AFSCME union which operates under a collective bargaining agreement (CBA) with the township. The plaintiff was suspended without pay for chronic lateness but she alleged that the suspension for "cause" was merely a pretext for the township's disparate treatment of her because she is a vocal political opponent of the township supervisors. Ms. Sellers was a registered member of the same party that controlled the local board of supervisors, however, she supported another faction within her party.

The CBA provides that an employee may appeal the suspension. The appeal process has four stages to it and Ms. Sellers had unsatisfactorily completed the first two stages. A step three hearing was to be held in front of the Board of Supervisors, which is composed of five (5) members, three Republican and two Democrats. Plaintiff believed that because of political animosity, she would be unable to receive an impartial hearing. Ms. Sellers commenced suit in this court seeking a temporary restraining order (TRO) to prevent the hearing from taking place. The TRO was denied. The basis of her claim was that the hearing as structured violated her procedural due process rights under the fourteenth amendment. Thereafter, Ms. Sellers amended her complaint appending civil rights claims against the union and the township as well as state pendent law claims.

The union and the township agreed to waive the hearing before the Board of Supervisors and submit the grievance to an arbitrator where a full evidentiary hearing would take place.[1] I held that: "[b]y offering Ms. Sellers the opportunity to present her grievance in a forum which allows for a full evidentiary hearing along with an impartial arbitrator, the defendants have supplied relief which eradicates the effects of

---

1. This process was the fourth and final step afforded an employee under the CBA.

the alleged violations." *Sellers v. Local 1598*, 600 F.Supp. 1205, 1209 (E.D.Pa.1984). I dismissed count I, II and IV of her amended complaint as moot.

In Count III Ms. Sellers claimed that she was entitled to a pre-suspension hearing. I noted that plaintiff had cited no case law for that proposition, nevertheless, I undertook an examination of her private interests, the risk of erroneous deprivation of her property rights and the government's interest and found that a pre-suspension hearing was not warranted by the fourteenth amendment. *Id.* at 1211. Count VI of the complaint stated that the defendants conspired to deny her equal protection of the law because of her right wing political affiliation. 42 U.S.C. § 1985(3). In dismissing this count, the court held that § 1985(3) does not cover non-racial politically motivated conspiracy. *Id.* at 1212. Since no federal causes of action remained, the court declined to exercise jurisdiction solely over the pendent claims.

AFSCME contends that the basis for Ms. Sellers' suit was frivolous, unreasonable and without factual foundation and since they are the "prevailing party" they are entitled to reasonable attorney's fees under 42 U.S.C. § 1988.

DISCUSSION

The Civil Rights Act, 42 U.S.C. § 1988 provides the district court with discretionary power to award reasonable attorney's fees to a prevailing party in any action under §§ 1981, 1982, 1983, 1985 and 1986.

■ The Supreme Court, in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) set forth the standard lower courts shall apply in determining whether awards should be made. The award of an attorney's fee should only be made to the successful defendant where the action brought is found to be unreasonable frivolous, meritless or vexatious. *Id.* at 421, 98 S.Ct. at 700.

The Court went on to expound upon the meaning of these terms by underscoring the point that meritless is synonymous with groundless and/or without foundation. It is never meant to imply that because plaintiff failed to prevail on the merits the cause of action was "groundless". Lastly, a showing of the plaintiff's subjective bad faith was not a prerequisite to a finding that the suit was motivated by the vexatious feelings of plaintiff towards defendant.

"In sum, a district court may in its discretion award attorney's fees to a prevailing defendant ... upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation even though not brought in subjective bad faith." *Christiansburg*, 434 U.S. at 421, 98 S.Ct. at 700.

The defendant can be said to have prevailed on two of the six causes of action stated in the complaint. This court, after close inspection, found no legal merit in Ms. Sellers' claims that a presuspension hearing was warranted under the fourteenth amendment or that § 1985(3) was intended to provide a cause of action for non-racial, politically motivated conspiracy.

■ A threshold inquiry for the court to determine is can a defendant be a "prevailing party" when the plaintiff's claims are either dismissed as moot or dismissed for lack of jurisdiction?

It is axiomatic that federal courts "are without power to decide questions that cannot affect the rights of litigants in ... case(s) before them". *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). The court determined that defendants' agreement to waive the step three hearing in front of the Board of Supervisors rendered moot any issue of the procedural defects at that particular hearing. Thus, the court never addressed the issues of whether due process was violated by the lack of a full evidentiary hearing before a neutral arbitrator. A defendant cannot be said to have "prevailed" on an issue which evaporated prior to the court addressing it. *Compare Cramer v.*

*Virginia Commonwealth University,* 486 F.Supp. 187, 192, n. 7 (E.D.Va.1980).[2]

In the same light when a complaint is dismissed for lack of jurisdiction, the defendant cannot be a "prevailing party". Defendant has not "prevailed" over the plaintiff on any issue central to the merits of the litigation. It is impermissible for the court to engage in post hoc analysis of the facts. *Christiansburg,* 434 U.S. at 422, 98 S.Ct. at 700. This is what would occur were we to now begin to sift and weigh the "facts" surrounding these four claims. They were not before the court and it would be an abuse of discretion to place them before it now.

■ Having disposed of these claims, our attention is drawn to the two remaining claims on which defendant prevailed. After careful consideration of plaintiff's legal position, the court concludes that her actions were not frivolous. I will address her § 1985 claim first.

This court did not have to examine whether Ms. Sellers presented credible evidence which showed or inferred that a conspiracy to deprive her of constitutional rights was conceived by the defendants. The decision to grant the union's motion was based upon, *inter alia,* my reading of law which indicated that a non-racial politically motivated conspiracy is not actionable. Whether Ms. Sellers produced sufficient facts to indicate the existence of a conspiracy was immaterial and thus did not influence the outcome. Our inquiry bypassed the issue whether facts supported her claim and concentrated solely upon whether the breadth of § 1985(3) was intended to reach non-racially motivated acts. The final determination was that even had Ms. Sellers shown the defendants conspired to deny her rights because of a political affiliation, she would not state a cause of action under § 1985(3). Because neither the Supreme Court nor our own court of appeals has passed upon this issue it can be said to be an unsettled area of law. Counsel for Ms. Sellers had no precedent to draw on in guiding her and I am unwilling to characterize a novel legal theory as

groundless because it did not succeed. As to the frivolity of Ms. Sellers' request for a presuspension hearing, I noted in the memorandum addressing this issue that plaintiff cited no case directly supporting this proposition. The court's research was unable to turn up any indication that presuspension hearings were constitutionally mandated. In spite of this paucity of caselaw, the court does not believe that this issue was baseless, groundless and without merit. Ms. Sellers had already received two suspensions. Her next suspension would carry with it a thirty day penalty. Thirty days without any financial support can be a debilitating experience, equal in short term effect to a termination.

With the prospects of greater debt and without the means to support herself and her family, the plaintiff had a vested interest in determining whether, in view of the length of the suspension, a presuspension hearing was required. Examined in light of all the circumstances surrounding this issue, I do not believe that it was a frivolous claim on plaintiff's part.

**2.** The *Cramer* decision involved a plaintiff who        was a "prevailing party".