Jack HIDAHL and Cindy Hidahl, individually and as next friends on behalf of Tore Hidahl and Tad Hidahl, Plaintiffs,

v.

GILPIN COUNTY DEPARTMENT OF SOCIAL SERVICES; Colorado State Department of Social Services; Susie Lala, individually and as an employee of the Gilpin County Department of Social Services; Jane Felix, individually and as an employee of the Gilpin County of Social Services; Mary Mason, individually and as an employee of the Gilpin County Department of Social Services; Gilpin County Sheriff's Office; John Bayne, individually and as deputy sheriff for the Gilpin County Sheriff's Office; the Board of County Commissioners for the County of Gilpin; and the Board of Social Services for the County of Gilpin, Defendants.

Civ. A. No. 88–C–1537.

United States District Court, D. Colorado.

Nov. 16, 1988.

---

9. The Court finds that it is beyond dispute that

this information was "confidential."

Joe Pickard, White & Pickard, Denver, Colo. and Claudia Miller, Frazer & Miller, Lakewood, Colo., for plaintiffs.

J.J. Petrock and Frederick A. Fendel, III, Petrock & Fendel, Denver, Colo., for Gilpin County defendants.

Larry D. Tannenbaum, Asst. Atty. Gen., Denver, Colo., for Colorado State Dept. of Social Services.

## ORDER

CARRIGAN, District Judge.

Plaintiffs Jack and Cindy Hidahl commenced this civil rights action, on behalf of themselves and their two children, alleging that state and local officials violated their constitutional rights by improperly: (1) conducting a child abuse investigation; (2) filing a dependency and neglect action; and (3) removing the children from the Hidahls' home. Defendants are the Gilpin County Department of Social Services, the Colorado State Department of Social Services, the Gilpin County Board of Commissioners, the Gilpin County Board of Social Services, and various Gilpin County employees. Jurisdiction is alleged to exist under 28 U.S.C. §§ 1331, and 1343, and 42 U.S.C. §§ 671, 672, 1983, and 1988.

Currently pending is the defendant Colorado State Department of Social Services' ("CSDSS") motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6), Fed.R.Civ.P. CSDSS also requests an award of costs and attorneys' fees pursuant to Rule 11, Fed.R. Civ.P. and 42 U.S.C. § 1988. Plaintiffs have filed a brief in opposition to CSDSS' motion and request.[1] Oral argument would not materially assist my decision.

---

1. On November 4, 1988, the Gilpin County and individual defendants filed a Response to State's motion to dismiss. In their response they state that they "take no position on the [CSDDS'] Motion to Dismiss Claims against it." (Response, at 1.) Nonetheless, they request that the CSDSS not be dismissed until their answer has been filed because they may assert cross claims

In reviewing the sufficiency of a complaint when tested by a motion to dismiss, I must accept as true the complaint's allegations and view them in a light most favorable to the plaintiffs. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The complaint must stand unless it appears beyond doubt that the plaintiffs have alleged no set of facts that would entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 45–45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

CSDSS contends that the complaint and action must be dismissed as against it on the grounds that: (1) this court lacks subject matter jurisdiction over the plaintiffs' claims against CSDSS because they are barred by the Eleventh Amendment to the United States Constitution; and (2) the complaint fails to state a claim against CSDSS upon which relief may be granted.

■ I shall first consider CSDSS' contention that this court lacks subject matter jurisdiction over the plaintiffs' claims against CSDSS. If I conclude that CSDSS is correct on this point then I need not consider CSDSS' alternative argument that the plaintiffs have failed to state a claim upon which relief may be granted.

The Eleventh Amendment provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

The Eleventh Amendment has been construed to apply to an action filed against a state by one of its own citizens, as well as an action commenced by a citizen of another state. *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

As a general rule the Eleventh Amendment does not bar a federal action seeking to enjoin a state from enforcing a statute that violates the United States Constitution. *Young, supra.* However, in *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347,

39 L.Ed.2d 662 (1974), the Court limited *Young* by holding that a state could be sued in federal court by a citizen seeking only prospective relief.

The Eleventh Amendment bars suits against a state not only when it is a named party but also when it is the party in fact. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see also Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945) (if lawsuit in essence seeks recovery from the state, the state is the real party in interest and is entitled to invoke its sovereign immunity).

In their complaint the plaintiffs request the following relief:

(1) A declaratory judgment that the defendants deprived the plaintiffs of their constitutional and statutory rights;

(2) Damages from the individual defendants for intentionally, knowingly, or recklessly depriving the plaintiffs of their constitutional or statutory rights.

(3) Damages from the defendant Gilpin County for failing to prevent a foreseeable deprivation of the plaintiffs' constitutional rights;

(4) Compensatory damages against the defendants jointly and severally;

(5) Punitive damages from the defendants;

(6) An award of costs and attorneys' fees; and

(7) Any other relief that this court deems proper.

Clearly the plaintiffs are not merely seeking prospective relief from CSDSS. Rather, they are seeking compensatory and punitive damages, along with a declaratory judgment that CSDSS violated the plaintiffs' constitutional and statutory rights.

CSDSS alleges, and the plaintiffs do not dispute in their response brief, that a money judgment entered against CSDSS would

---

against CSDSS. However, if it is concluded that subject matter jurisdiction does not exist over CSDSS, then CSDSS must be dismissed from

this action regardless of the other defendants' assertions that they may allege cross claims against CSDSS.

be satisfied out of the State of Colorado's treasury. *See* Defendant CSDSS' Motion, at 2.

Because this lawsuit seeks monetary relief from the State of Colorado, and not merely prospective relief, I conclude that the plaintiffs' claims against CSDSS are barred by the Eleventh Amendment.

Plaintiffs contend that the CSDSS was named as a defendant because under Colorado law, the county departments of social services are not entities distinguishable from the CSDSS "for purposes of the provision of services and assistance under the State Social Services code." (Plaintiffs' response, at 1.) Clearly this argument does not vitiate the CSDSS' contention that the Eleventh Amendment bars the plaintiffs' claims against it.

Accordingly, the Constitution requires that the complaint and action against CSDSS be dismissed.[2]

As mentioned, CSDSS requests that it be awarded costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and Rule 11, Fed.R. Civ.P.

■ Section 1988 authorizes a court to award attorneys' fees to a "prevailing party" in certain federal civil rights cases. In those cases a defendant who has "prevailed" may recover his reasonable attorneys' fees incurred as a result of having to defend against frivolous or vexatious claims. However, § 1988 does not authorize awarding attorneys' fees to a defendant who gains dismissal on the ground of lack of jurisdiction. *Sellers v. Local 1598*, 614 F.Supp. 141 (E.D.Pa.1985), *aff'd*, 810 F.2d 1164 (3rd Cir.1987). In *Sellers* the court explained:

"[W]hen a complaint is dismissed for lack of jurisdiction, the defendant cannot be a 'prevailing party.' Defendant has not 'prevailed' over the plaintiff on any issue central to the merits of the litigation. It is impermissible for the court to engage in post hoc analysis of the facts." 614 F.Supp. at 144.

Accordingly, CSDSS' request for attorneys' fees pursuant to § 1988 must be denied. Nevertheless, CSDSS may be entitled to recover costs and attorneys' fees under either Rule 11 or 28 U.S.C. § 1927.

■ Rule 11 imposes on judges an affirmative duty to enforce sanctions when that Rule has been violated. *Chevron, U.S.A., Inc. v. Hand*, 763 F.2d 1184, 1187 (10th Cir.1985). Rule 11 states in pertinent part:

"The signature of an attorney or party [on a pleading] constitutes a certificate by the signer that ... to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose...."

Although discretion to impose sanctions under Rule 11 should be exercised with care, courts have a duty to apply sanctions in appropriate cases.

■ An additional deterrent against abuse of the judicial process is found in 28 U.S.C. § 1927. That section provides:

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Three substantial requirements must be met before liability may be imposed under § 1927: (1) a multiplication of proceedings by an attorney or other person; (2) by conduct that can be characterized as unreasonable and vexatious; and (3) a resulting increase in the cost of the proceedings. *Compana v. Muir*, 615 F.Supp. 871, 894 (M.D.Pa.1985), *aff'd*, 786 F.2d 188 (3rd Cir. 1986).

---

**2.** Because I conclude that the Eleventh Amendment bars the plaintiffs' claims against CSDSS, I do not consider CSDSS' argument that the complaint fails to state a claim upon which relief may be granted.

In response to CSDSS' request for sanctions, the plaintiffs assert that it was proper to name CSDSS as a defendant because sovereign immunity under the Eleventh Amendment may be waived, and "[i]f the State Department of Social Services wishes to assert the 11th Amendment, and not participate in a suit involving one of its agents, then that is a tactical consideration and not one which could be resolved prior to the filing of suit." (Response, at 2.) Plaintiffs add that the burden "imposed on the State in claiming the [Eleventh] Amendment is at most nominal, and should not subject the plaintiffs to sanctions...." (*Id.*)

Although the burden imposed on CSDSS by having to defend this action may indeed have been minimal, it is evident from the plaintiffs' response brief that the plaintiffs' counsel was aware when this action was filed that the Eleventh Amendment barred the plaintiffs' claims for relief against CSDSS. I am unpersuaded by the plaintiffs' contention that CSDSS was properly named as a defendant despite the Eleventh Amendment bar because the attorneys for the State of Colorado may have decided to waive Eleventh Amendment immunity.

While it is true that Eleventh Amendment immunity may be waived, such waiver usually is accomplished by a general statutory waiver that occurs prior to commencement of any specific litigation. Under the reasoning of the plaintiffs' argument, any civil rights plaintiff could ignore Rule 11 and § 1927, and elect to sue a state in spite of the plain Eleventh Amendment bar, rationalizing the choice on the dubious hope that the state might waive its Eleventh Amendment immunity and permit the case to proceed. Not surprisingly the plaintiffs have not submitted any authority to support either this assertion, or its corollary: that wishful thinking can satisfy Rule 11 and § 1927.

I therefore conclude that the plaintiffs' counsel acted unreasonably and vexatiously in advising and/or permitting the plaintiffs to name CSDSS as a defendant in this action, and that act multiplied and increased the costs of these proceedings.

Accordingly, pursuant to Rule 11 and § 1927, CSDSS is entitled to recover from the plaintiffs' counsel its reasonable costs and attorneys' fees for defending this action.

For the reasons stated above, IT IS ORDERED that:

(1) Defendant Colorado State Department of Social Services' motion to dismiss is granted;

(2) The complaint and action are dismissed as against the defendant Colorado State Department of Social Services;

(3) Plaintiffs' counsel—Joe Pickard and Claudia Miller—shall pay to the defendant Colorado State Department of Social Services its costs and attorneys' fees reasonably incurred in defending against this lawsuit; and

(4) Within 11 days from the date of this order, counsel for the plaintiffs and for defendant Colorado State Department of Social Services shall confer in a good faith attempt, subject to Rule 11, Fed.R.Civ.P., to reach a stipulation regarding an appropriate award of attorneys' fees and costs. If a stipulation is reached the defendant Colorado State Department of Social Services shall submit, within 21 days from the date of this order, a stipulated proposed order for the court's consideration. In the event a stipulation is not reached, the Colorado State Department of Social Services shall submit within 21 days a proposed order for this court's consideration. Counsel for plaintiffs may submit objections or other response to the proposed order within 28 days from the date of this order.