**MARICUS W., By and Through his foster parent, MARVIN M., Plaintiff,**

v.

**LANETT CITY BD. OF EDUC., Defendant.**

**No. CIV. A. 00–D–648–E.**

United States District Court, M.D. Alabama, Eastern Division.

April 3, 2001.

Paul Dezenberg, Alabama Disabilities Advocacy Program, Tuscaloosa, AL, for Plainitff.

Robert Turner Meadows III, Walker, Hill, Adams, Umbach, Meadows & Walton, Opelika, AL, for Defendant.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Plaintiff's Amended Motion For Judgment On The Administrative Record, which was filed February 21, 2001. Defendant filed a Response on March 5, and Plaintiff issued a Reply on March 23. Plaintiff appeals the decision of administrative hearing officer Wesley Romine, which was rendered under the authority of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Plaintiff's Motion is due to be denied. Judgment is due to be entered on behalf of Defendant.

## I. JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 20 U.S.C. § 1415(i)(2) (IDEA). This case is not moot. *See Honig v. Doe,* 484 U.S. 305, 318–19, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). The parties do not contest personal jurisdiction or venue.

## II. STANDARD OF REVIEW

Parties aggrieved by findings and decisions made during administrative hearings under IDEA may seek review in federal district court. The court receives the records of the administrative proceedings, has discretion to hear additional evidence, and renders its decision on the preponderance of the evidence. *See Walker County Sch. Dist. v. Bennett,* 203 F.3d 1293, 1297–98 (11th Cir.2000).

The court reviews legal conclusions under the plenary de novo standard. *See Carlisle Area Sch. Dist. v. Scott,* 62 F.3d 520, 528 (3d Cir.1995). In the Eleventh Circuit, the court reviews factual findings independently and is free to accept or reject them.[1] However, the court is careful not to substitute its judgment for that of the state educational authorities, and

---

1. The Fourth and Seventh Circuits have adopted more deferential standards. *See Dale M. v. Board of Educ.,* 237 F.3d 813, 816 (7th Cir.2001) (court should uphold examiner's decision unless court is "strongly convinced that the order is erroneous"); *Hartmann v. Loudoun County Bd. of Educ.,* 118 F.3d 996, 1000–01 (4th Cir.1997) (examiner's decision is "entitled to be considered prima facie correct.")

accords the administrative decision due weight. *Walker County,* 203 F.3d at 1297–98; *Tribble v. Montgomery County Bd. of Educ.,* 798 F.Supp. 668, 670 (M.D.Ala. 1992).

## III. FACTUAL BACKGROUND

IDEA requires local schools to "ensure that children with disabilities have available to them a free appropriate public education that emphasizes special education and related services to meet their unique needs and prepare them for employment and independent living." 20 U.S.C. § 1400(d)(1)(A).

Congress has authorized individual states to develop standards for determining whether a child qualifies for special education. Plaintiff argues that he has an "emotional disturbance," as defined by Alabama law, and that the Lanett City Schools must provide him with an individualized remedial education and behavior plan. *See* ALA. ADMIN. CODE r. 290–8–9–.03(4)(a) (1999). Therefore, Plaintiff contests the ruling of a hearing officer, who found in the school district's favor.[2]

Because Defendant's Response states that the hearing officer's decision "is supported by a preponderance of the evidence and should be affirmed,"[3] the court construes the Response as a cross-motion for judgment on the record, *see Wayne County Reg'l Educ. Serv. Agency v. Pappas,* 56 F.Supp.2d 807, 811–12 (E.D.Mich.1999), and affirms the hearing examiner's decision, *see Hunger v. Leininger,* 15 F.3d 664, 669 (7th Cir.1994) (denying plaintiff's motion and entering judgment for defendant).

## IV. FINDINGS OF FACT

The court allowed Plaintiff to submit additional materials showing whether he intends to return to the Lanett School System after this appeal.[4] In all other respects, this was a "closed record" review. The court makes the following findings of fact, based upon its independent re-examination of the record as a whole:

1. Plaintiff is a high school age student who formerly attended the City of Lannett public schools. He has normal intelligence but has had academic and behavioral difficulties periodically throughout his scholastic career.

2. In May 1996, one of Plaintiff's teachers requested that Plaintiff be evaluated for special education services. Plaintiff's foster parent objected. School administrators conducted no evaluation, but they ultimately recommended that the district voluntarily implement a behavior management plan for Plaintiff. The district followed through on the plan to some extent, though perhaps not as fully as Plaintiff's foster parent desired.

3. Plaintiff received a number of disciplinary referrals early in the 1999–2000 school year. The district decided to transfer Plaintiff to an alternative school for 45 days, with the caveat that further infractions would lead to expulsion.

4. Because Plaintiff's foster parent was upset with the district's decision, he asked that Plaintiff be tested for special education services.

---

2. March 20, 2000 Order at 16–17.

3. Doc. No. 10 at 13.

4. Plaintiff submitted two undisputed affidavits showing that he attends public school in Phenix City but will return to Lanett within the next year. (Doc. No. 12 Ex. A–B.)

5. Several of Plaintiff's teachers, and his foster parent, filled out calibrated surveys designed to determine whether Plaintiff is emotionally disturbed. The surveys of Plaintiff's foster parent and two other teachers yielded clinically significant results. On the other hand, the surveys taken from three other teachers suggested no disturbance.

6. As the hearing examiner correctly recognized,[5] the data supplied by Plaintiff's foster parent were incredible, given the parent's biases and possible lack of sincerity.

7. An emotionally disturbed child normally exhibits consistent, uniform levels of misconduct. He or she rarely behaves differently in different classroom situations.

8. School counselor Charles Looser, early childhood specialist Susie Chambley, and certified emotional disturbances teacher Shannon Duffy–Acton observed Plaintiff's classroom behavior on at least five separate occasions. All three educators found Plaintiff's behavior inconsistent with that of an emotionally disturbed child.

9. Clinical psychologist Steven K. Shapiro also evaluated Plaintiff. Shapiro did not testify at the due process hearing, but his report opines that Plaintiff "would appear to meet eligibility criteria for Emotional Disturbance," and "should be considered eligible for services appropriate for students meeting the criteria for Emotional Disturbance, given [Plaintiff's] history of disruptive be-

havior problems, which have adversely affected his educational performance." [6]

10. Plaintiff has not proved that Shapiro applied the criteria established by the State of Alabama for determining whether Plaintiff is emotionally disturbed.

11. Although Plaintiff currently attends school in Phenix City, he is reasonably likely to re-enroll at Lanett in August 2001.

## V. CONCLUSIONS OF LAW

Plaintiff makes two basic arguments. First, in his Motion, Plaintiff argues that he qualifies for special education under Alabama law because the survey results from two teachers and Plaintiff's foster parent all suggested that he has an "emotional disturbance." [7] Second, in his Reply brief, Plaintiff claims that he qualifies for special education services under the residual category labeled "other health impaired." [8]

■ "Arguments raised for the first time in a reply brief are not properly before the reviewing court." *United States v. Oakley,* 744 F.2d 1553, 1556 (11th Cir.1984). Thus, the court will not consider Plaintiff's latter argument. *See Santerre v. Agip Petro. Co.,* 45 F.Supp.2d 558, 573 n. 4 (S.D.Tex.1999); *Kastel v. Winnetka Bd. of Educ.,* 946 F.Supp. 1329, 1335 (N.D.Ill.1996).

Accordingly, the court's sole task is to determine whether the hearing examiner erred in finding that Plaintiff does not meet Alabama's criteria for emotional dis-

---

5. *See* March 20, 2000 Order at 7–8, 15–16.

6. Shapiro Rep. at 12 (attached as Ex. P–1 to Hr'g Tr.)

7. *See* ALA. ADMIN. CODE r. 290–8–9–.03(4) (1999).

8. *See id.* r. -.03(9).

turbance.[9] Defendant points to testimony from various educators suggesting that Plaintiff's misbehavior is inconsistent with any cognizable disorder. Defendant also states that some of the test results relied on by Plaintiff are unreliable. The court agrees.

For purposes of receiving special education, Alabama law defines an "emotional disturbance" as "a disability characterized by behavioral or emotional responses so different from appropriate age, cultural, environmental, or ethnic norms that the educational performance is adversely affected." ALA. ADMIN. CODE r. 290–8–9–.03(4)(a) (1999). The disturbance must be "consistently exhibited in the educational environment," with at least one defined characteristic manifested "over a long period and to a marked degree that adversely affects educational performance." *Id.*

In order to determine whether a student qualifies for special education programs, the school must perform several mandatory evaluations that focus on five criteria. *See id.* r. -.03(4)(c). Two criteria are relevant here. The first is whether Plaintiff's emotional disturbance was "exhibited over a long period of time (typically six months) and to a marked degree," and adversely affected his educational performance. *Id.* r. –03(4)(b)(4). The second is whether "[s]cores on three behavior rating scales that are considered clinically significant by the test authors" suggested emotional disturbance. Plaintiff must proffer reliable and credible test scores from three independent raters, one of whom may be a parent/guardian, showing that he is emotionally disturbed. *Id.* r. -.03(4)(b)(2).

The parties agree that Plaintiff's foster parent and two of his teachers rated Plaintiff's emotionally disturbed at a clinically significant level. Thus, the only dispute is whether the hearing examiner improperly discounted those test results. The court finds that he did not.

Plaintiff's untenable position is that any student who receives three clinically significant test scores should automatically qualify for special education. Plaintiff misreads the relevant Alabama regulations, which clearly afford the school district and the hearing examiner discretion in weighing the probative value of all evidence, including test results. According to the Alabama State Board of Education:

> Professional judgment should be used to determine if the results of any of the required evaluations[10] are reliable sources of information, or if other assessment data may prove to be a more accurate indicator of the child's level of functioning.

*Id.* r. 290–8–9–.03.

Such flexibility is premised on sound public policy. If the state regulations were wooden and rigid, then any student could access special education simply by rounding up three sympathetic scorers, some of whom may lack the wisdom of others. Accurate decisionmaking and sound education policy should not be sacrificed at the altar of *ipse dixit*, lest Congress's intent to target truly needy students be undermined.

---

9.  The hearing examiner's failure to make specific factual findings, rather than legal conclusions at the end of his opinion, has needlessly complicated judicial review. IDEA examiners, like district courts holding non-jury trials, should "find the facts specially and state separately [their] conclusions of law thereon." *See* FED. R. CIV. P. 52(a).

10.  The required evaluations include "[a]dministration of the same behavior rating scale by at least three persons, one of whom may be the parent, who have had contact with the child for at least six weeks." ALA ADMIN. CODE r. 290–8–9–.03(4)(c)(2). (1999).

■ Here, the court notes that only two of the five teachers who evaluated Plaintiff found that he is emotionally disturbed.[11] Plaintiff's foster parent submitted the third evaluation, which the court finds was clouded by bias. The parent originally opposed any attempt by the schools to place Plaintiff in special education. He changed his position only when it became clear that Plaintiff could avoid severe disciplinary measures—including an impending transfer to an alternate school—if Plaintiff was classified as disabled. The parent's flip-flop probably was a well-meaning attempt to keep the child in a mainstream classroom. Nevertheless, based on the foregoing, the court agrees with the hearing examiner's finding that said assessment lacks credibility.

■ The court also disagrees with Plaintiff's argument that psychologist Shapiro's testimony tips the scales in Plaintiff's favor. Shapiro is not an elementary or high school teacher. Nor did Shapiro testify at the hearing; thus, he never submitted his opinions to cross-examination. Moreover, while his ambiguous written report opines that Plaintiff is emotionally disturbed, the court finds that Plaintiff has not proved that Shapiro applied the appropriate state-mandated criteria during his analysis.

A majority of Plaintiff's teachers disagreed with the evidence relied on by Plaintiff. For example, Duffy–Acton, a certified special education teacher, expressly testified that Plaintiff did not meet the state's criteria for emotional disturbance. Such dissension is significant because although emotionally disturbed children normally exhibit consistent, uniform misconduct, multiple experienced educators testified that Plaintiff often acted appropriately.[12] For these and other reasons, the court rejects Shapiro's testimony and finds that the testimony of Duffy–Acton and like-minded educators [13] is dispositive.

The court is mindful of Congress's statement that "[i]mproving educational results for children with disabilities is an essential element of our national policy of ensuring equality of opportunity, full participation, independent living, and economic self-sufficiency for individuals with disabilities." 20 U.S.C. § 1400(c)(1); *see also Jefferson County Bd. of Educ. v. Breen,* 853 F.2d 853, 857 (11th Cir.1988) (quoting *Town of Burlington v. Department of Educ.,* 736 F.2d 773, 792 (1st Cir.1984), *aff'd,* 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985)) (reviewing court should be mindful of student's federal right to appropriate education). The court also feels for Plaintiff's foster parent, who undoubtedly wishes to help his troubled child. Nobody wants to see anybody slip through the cracks; everybody wants Plaintiff to succeed.

Nevertheless, IDEA is not a panacea for all of life's ills. The court finds from a preponderance of the evidence that Plaintiff is not "emotionally disturbed," as defined by federal and state law. Accordingly, Plaintiff cannot force the school district to provide him the accommodations he requests.

"When a party moves for summary judgment in [an IDEA case], he does not implicitly reserve a right to a trial if the motion is denied; there is no right to a trial in a review proceeding, as contrasted with an original proceeding." *Hunger,* 15 F.3d at 669. After review of the record as a whole, the court concurs with the judg-

---

**11.** A sixth evaluation was incomplete.

**12.** *E.g.,* Hr'g Tr. 82–83, 129; Doc. No. 8 Ex. C at 9; *Id.* Ex. G.

**13.** The court did not rely on the testimony of Jim McCain. (Hr'g Tr. 131–36.)

ment of the hearing administrator. His judgment will be affirmed.

## VI. ORDER

It is CONSIDERED and ORDERED as follows:

(1) Plaintiff's Amended Motion For Judgment On The Administrative Record be and the same is hereby DENIED.

(2) Defendant's Response To Amended Motion For Judgment On The Administrative Record, construed as a Cross–Motion For Judgment On The Record, be and the same is hereby GRANTED.

(3) Any and all remaining motions be and the same are hereby DENIED AS MOOT.

(4) The Clerk of Court shall close this case. A judgment follows.