MARICUS W., by and through his foster parent, MARVIN M., Plaintiff,

v.

LANETT CITY BD. OF EDUC., Defendant.

No. Civ.A.00–D–648–E.

United States District Court, M.D. Alabama, Eastern Division.

May 29, 2001.

---

Paul J. Dezenberg, Alabama Disabilities Advocacy Project, Tuscaloosa, AL, for plaintiff.

Robert Turner Meadows III, Walker, Hill, Adams, Umbach, Meadows & Walton, Opelika, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Plaintiff's Motion To Deny Bill Of Costs, which was filed May 8, 2001. Defendant issued a Response May 23. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that the Motion is due to be granted in part and denied in part. An award of $37.00 is due to be entered.

### I. DISCUSSION

Plaintiff is a high school student who sought federal judicial review of a hearing officer's determination that he does not qualify for special education services, because he does not qualify as an "emotionally disturbed" child under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* The court affirmed the officer's ruling, granted the Lanett City Board of Education's cross-motion for judgment on the record, and

taxed costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure. *See generally* 141 F.Supp.2d 1064 (M.D.Ala.2001).

The Board asks for $55.75 in expenses making three identical copies of the following materials: (1) the transcript of the due process hearing; (2) the exhibits attached to the transcript; and (3) the brief filed by the Board in this case. The Board kept one copy for itself and gave one copy to the court and one to the plaintiff. All in all, the Board requests payment for 223 copies at 25¢/page.

■2] There is a presumption in favor of awarding costs, but the party seeking recovery must show that the expenses were reasonable. *See Miller v. Kenworth of Dothan, Inc.*, 117 F.Supp.2d 1247, 1265 (M.D.Ala.2000). If any party objects to the fees sought, the party seeking fees may submit additional evidence to justify its demand. *See Daugherty v. Westminster Sch.*, 174 F.R.D. 118, 124 (N.D.Ga. 1997). Documentation need not be extensive. Going back to the days of the Old Fifth,[1] " 'the law in this circuit has been that the court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees.' " *Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir.1988) (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)).

■ In asking for its copying costs, the Board has properly relied on 28 U.S.C. § 1920(4), which permits recovery of fees spent "for exemplification and copies of papers necessarily obtained for use in the case." The statute's definition of "papers" is broad; courts have discretion to reimburse for "a variety of trial-connected ex-

penses," except perhaps for "the costs of papers to be used in another proceeding." 10 WRIGHT, MILLER & KANE § 2677 at 448 (3d ed.); *see also Arcadian Fertilizer v. MPW Indus. Serv.,* 249 F.3d 1293, 1296 (11th Cir.2001) (statute allows recovery for copying transcripts of public records).

■ Copying costs are compensable if the copies were made for purposes other than the law firm's mere convenience. *See United States v. Davis,* 87 F.Supp.2d 82, 88 (D.R.I.2000); *Grady v. Bunzl Packaging Supply Co.,* 161 F.R.D. 477, 479 (N.D.Ga.1995); 10 MOORE'S FEDERAL PRACTICE § 54.103[3][c] at 54–184 (3d ed.) Thus, courts in IDEA cases have awarded costs spent xeroxing documents filed with the court and served on opposing counsel, but not for xeroxing documents used within the firm alone. *See Cypress–Fairbanks Indep. Sch. Dist. v. Michael F.,* 931 F.Supp. 474, 483 (S.D.Tex.1995), *aff'd,* 118 F.3d 245, 257–58 (5th Cir.1997) (court filings and hearing transcript).

The reason for this rule is sound: Awards for internally-used documents possibly subsidize excessive expenses, particularly in the age of the mega-firm. But at the same time, the potential for waste in making identical copies of papers filed with the court and served on opposing counsel is remote, given that pleadings of unreasonable length are bound to draw the court's ire or, perhaps, run afoul of the page limits set by local rules.

In arguing that the Board's copying expenses were unnecessary, Plaintiff relies on *Sphere Drake Ins. v. Trisko,* 66 F.Supp.2d 1088 (D.Minn.1999), which seems to have given an exceedingly nar-

---

1. The Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *See Bonner v. Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

row interpretation to the statute's phrase "necessarily obtained for use in the case." The *Sphere* court stated that parties may not recover:

> the photocopying expenses that they incurred in copying their own pleadings and motions for filing with the Court, serving on opposing counsel, or transmitting to their clients; nor does the cost statute cover a party's copying of documents to be produced in discovery, or copying research materials for the convenience of counsel. These are not taxable costs under the statute, because they are not copies of papers necessarily obtained for use in the case.

*Id.* at 1093 (quoting *Emmenegger v. Bull Moose Tube Co.*, 33 F.Supp.2d 1127, 1133 (E.D.Mo.1998) (citations omitted)).

The court declines to read *Sphere* and *Emmenegger* for all they are worth. All of the cases cited by the *Sphere* and *Emmenegger* courts dealt with whether a court abuses its discretion by not awarding certain xerox fees that the court finds to be unreasonable. There is, of course, a difference between saying an award is discretionary and saying that it is barred. Plaintiff's argument blurs that distinction.

The court finds that it is reasonable to reimburse for copies provided to counsel and to the court. Such expenses facilitate judicial review and minimize surprise in motion practice. *See* M.D.ALA.L.R. 5.1. The Board acted reasonably and charged a reasonable rate of 25¢/page for the above-mentioned two sets of copies, although the Board may not recover for the third copy it kept for itself. *See Cypress*, 931 F.Supp. at 483. Accordingly, Plaintiff shall reimburse $37.00 [2] for the Board's expenses in copying papers "necessarily obtained for use in [this] case." 28 U.S.C. § 1920(4).

2. (223(⅔)) copies @ 25¢/page = $37.00.

## II. ORDER

It is CONSIDERED and ORDERED that Plaintiff's Motion To Deny Bill Of Costs be and the same is hereby GRANTED IN PART AND DENIED IN PART. Plaintiff shall deliver $37.00 to Defendant within ten days of this order.